**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUNNY POWER TRADING HONG KONG LIMITED,<br><br>                Plaintiff,<br><br>        vs.<br><br>180s USA, LLC, and<br>180s IP Holdings, LLC,<br><br>                Defendants. | Case No.: 26-cv-672<br><br>**COMPLAINT** |

Plaintiff Guangzhou SUNNY POWER TRADING HONG KONG LIMITED (Amazon Seller alias: METOG®Apparel) ("Plaintiff") brings this action against Defendants 180s USA, LLC and 180s IP Holdings, LLC (collectively, "Defendants" or "180s") and alleges as follows:

## NATURE OF THE ACTION

1.      This is a declaratory judgment action seeking a declaration that U.S. Trademark Registration No. 3,089,225 (the "Registration") is invalid due to (1) functionality, (2) fraud in its procurement, and (3) genericness, and that Plaintiff's ear warmer products do not infringe any valid trademark rights of Defendants.

2.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Federal Rule of Civil Procedure 57, and the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq. (the Lanham Act).

3.      While the Registration has achieved incontestable status under 15 U.S.C. § 1065, such status does not preclude cancellation or a declaration of invalidity based on functionality under 15

1

U.S.C. § 1115(b)(8), fraud in procurement under 15 U.S.C. § 1115(b)(1), or genericness under 15 U.S.C. § 1064(3). All three are express statutory exceptions to incontestability.

4.    Plaintiff seeks cancellation of the Registration under 15 U.S.C. § 1119, which grants this Court the power to order cancellation of trademark registrations.

5.    Plaintiff also seeks a judgment that Defendants have tortiously interfered with Plaintiff's contractual relationships and prospective business expectancy through enforcement of an invalid trademark registration.

6.    A case or controversy exists because Defendants have forced removal of Plaintiff's ear warmer products from Amazon's marketplace through trademark infringement complaints based on the invalid Registration.

## THE PARTIES

7.    Plaintiff SUNNY POWER TRADING HONG KONG LIMITED (Amazon Seller alias: METOG®Apparel) is a Hong Kong limited company with its principal place of business at 2F001, Building B, Huanyu Plaza, Xintang Town, Zengcheng District, Guangzhou, China. Plaintiff sells ear warmer products through Amazon.com.

8.    Defendant 180s USA, LLC is a domestic limited liability company organized under the laws of the State of New York on May 12, 2023, with its address listed with the USPTO at 2021 Arch Street, 2nd Floor, Philadelphia, Pennsylvania 19103.

9.    Defendant 180s IP Holdings, LLC is a domestic limited liability company organized under the laws of the State of New York, with its address listed with the USPTO at 2021 Arch Street, 2nd Floor, Philadelphia, Pennsylvania 19103.

10.     Defendants are the current co-registrants of U.S. Trademark Registration No. 3,089,225 for a behind-the-head ear warmer configuration, having acquired such registration from their predecessors-in-interest.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

12.     This Court has personal jurisdiction over Defendants because each is a domestic limited liability company organized under the laws of the State of New York.

13.     Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendants are organized under the laws of New York in New York County.

## THE INVALID REGISTRATION

14.     On January 19, 2005, Defendants' predecessor-in-interest, 180s, Inc., filed U.S. Trademark Application Serial No. 76/628,202 for a product configuration mark described as a behind-the-head ear warmer design.

15.     On May 9, 2006, the USPTO issued Registration No. 3,089,225 based on said application.

16.     The Registration was placed on the Principal Register based on a claim of acquired distinctiveness under Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f), supported only by attorney argument and a bare assertion of use, without any actual evidence of secondary meaning.

17.     The Registration achieved incontestable status in August 2012 upon acceptance of a Section 15 affidavit. However, incontestability does not bar challenges based on functionality, fraud, or genericness, which are express statutory exceptions under 15 U.S.C. § 1115(b)(8), § 1115(b)(1), and § 1064(3), respectively.

18.     The Registration is invalid for three independent reasons, each sufficient to render it unenforceable: (1) the claimed configuration is functional; (2) the Registration was procured through fraud on the USPTO; and (3) the configuration is generic.

## FRAUD IN THE PROCUREMENT OF THE REGISTRATION

19.     The Registration was procured through deliberate fraud on the USPTO by Defendants' predecessor-in-interest, 180s, Inc., rendering it void ab initio.

20.     During prosecution, the USPTO Examining Attorney, Jennifer M.B. Krisp of Law Office 112, issued an Office Action on April 27, 2005, rejecting the application on grounds that the configuration was non-distinctive and functional.

21.     The Examining Attorney specifically found that the mark/configuration "appears to be functional for the identified goods" and stated that "the proposed mark is a design of goods depicting and demonstrating the utilitarian features of headwear and ear warmers worn on the head, and the goods are headwear and ear warmers. The particular features of this proposed mark, namely, the curved design, shape and flexible nature are functional for the goods."

22.     The Examining Attorney expressly requested that the applicant provide "a written statement of whether the proposed mark is or has been the subject of either a design or utility patent, including existing and/or expired patents."

23.     At the time of this request, 180s, Inc. was the assignee of at least eight (8) issued U.S. utility patents related to ear warmer apparatuses, including: U.S. Patent No. 5,835,609 (issued November 10, 1998); U.S. Patent No. 6,332,223 (issued December 25, 2001); U.S. Patent No. 6,499,146 (issued December 31, 2002); U.S. Patent No. 6,502,247 (issued January 7, 2003); U.S. Patent No. 6,502,248 (issued January 7, 2003); U.S. Patent No. 6,735,784 (issued May 18, 2004);

U.S. Patent No. 6,880,174(issued Apr. 19, 2005); and U.S. Patent No. 6,920,645 (issued July 26, 2005).

24.    Most significantly, U.S. Patent No. 6,920,645 B2 had issued just three months earlier on July 26, 2005—during the trademark prosecution—and claimed the exact behind-the-head ear warmer configuration sought to be registered as a trademark.

25.    On October 27, 2005, in response to the Examining Attorney's request for patent information, 180s, Inc., through its attorney Mark B. Harrison of Venable LLP, falsely represented to the USPTO: "The applicant is in the process of gathering the information requested by the Examining Attorney, and expects to be in the position to submit such material shortly."

26.    This representation was objectively false and made with intent to deceive. No "gathering" was necessary for patents that 180s, Inc. had owned for years, including Patent No. 6,920,645 B2 which had issued just three months earlier.

27.    Upon information and belief, 180s, Inc. never provided the requested patent information to the USPTO, and the Registration issued on May 9, 2006 without the USPTO ever learning of the multiple utility patents covering the claimed configuration.

28.    Had the USPTO known of these patents, particularly the newly-issued Patent 6,920,645 B2, it would have sustained the functionality rejection and refused registration.

29.    The deliberate concealment of these material patents constitutes fraud on the USPTO, rendering the Registration void ab initio regardless of any subsequent transfer of ownership or achievement of incontestable status.

**PRIOR CANCELLATION PROCEEDINGS ALLEGING FRAUD**

30.    The fraud in procurement of this Registration has been previously alleged by major national retailers in proceedings before the Trademark Trial and Appeal Board ("TTAB").

31.    On February 1, 2011, H&M Hennes & Mauritz L.P. filed a Petition for Cancellation (Cancellation No. 92053585) against the Registration, alleging grounds of functionality, fraud, and mere descriptiveness.

32.    On May 5, 2011, Brookstone Company, Inc. and Brookstone Stores, Inc. filed a Petition for Cancellation (Cancellation No. 92053989) against the Registration, alleging grounds of functionality, fraud, mere descriptiveness, and lack of acquired distinctiveness.

33.    The Brookstone petition specifically alleged that 180s, Inc. was assignee of at least eight (8) issued U.S. utility patents and eight (8) pending patent applications at the time it responded to the Office Action, yet "failed to provide the patents or pending patent applications or to respond to the Office Action's express requirements for patent information."

34.    The Brookstone petition further alleged that 180s, Inc. "intentionally and deliberately withheld material information during the examination of its application" and "procured the Registration through bad faith, by false and fraudulent representations, and by false means."

35.    Upon information and belief, both cancellation proceedings were terminated by settlement, not by any substantive ruling on the merits.

## **THE CONFIGURATION IS FUNCTIONAL**

36.    The behind-the-head ear warmer configuration is functional and therefore cannot be protected as a trademark, regardless of any claimed distinctiveness or incontestable status.

37.    Under 15 U.S.C. § 1115(b)(8), functionality is an absolute defense that survives incontestability. A product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article.

38.    The utility patents owned by Defendants' predecessors-in-interest, and now owned by Defendants, constitute strong evidence that the features claimed therein are functional.

39.    U.S. Patent No. 6,920,645 B2 explicitly claims the behind-the-head ear warmer configuration, describing "An ear warmer comprises a set of membranes and a frame... disposed within the interior of the set of membranes"—the exact configuration claimed as a trademark.

40.    The patent teaches functional advantages of the curved behind-the-head design, explaining how the frame configuration provides stability while allowing ear warmers to be "disposed within the interior" for improved comfort and fit.

41.    The configuration serves the utilitarian purpose of warming ears while maintaining stability behind the wearer's head—essential functions that cannot be monopolized through trademark law.

42.    The USPTO Examining Attorney correctly identified these functional features during prosecution, noting that "the curved design, shape and flexible nature are functional for the goods." The Registration should never have issued.

## GENERICNESS OF THE CONFIGURATION

43.    The behind-the-head ear warmer configuration is generic—it represents the common form of the product category itself, not a source identifier for any particular manufacturer.

44.    Genericness survives incontestability. Under 15 U.S.C. § 1064(3), a registration may be cancelled at any time if the mark becomes the generic name for the goods. A generic product configuration can never function as a trademark.

45.    Following the expiration of 180s' utility patents, numerous competitors have entered the market selling behind-the-head ear warmers with configurations identical or substantially similar to the registered configuration, including products sold by: (a) Gelante; (b) HIG; (c) Motique; (d) sazujinwu; (e) Cole Haan ('Heritage Behind the Ears Earmuffs'); (f) Joseph Abboud ('Wraparound Earmuffs'); (g) TOP HEADWEAR; (h) Sohindel; (i) REDESS; (j) Mesiac; (k) UGG (multiple products); and (l) numerous unbranded sellers on Amazon, Walmart, eBay, and Nordstrom Rack.

46.    These products are sold by major national retailers and e-commerce platforms, demonstrating that the behind-the-head configuration is the standard, generic form for this product category.

47.    The proliferation of identical configurations by multiple unrelated manufacturers after patent expiration confirms that: (a) the configuration is functional (competitors adopted it because it works); and (b) the configuration is generic (it defines the product category, not a brand).

48.    Consumers encountering behind-the-head ear warmers from Cole Haan, UGG, Joseph Abboud, and numerous other brands do not associate the configuration with any single source. The shape signifies 'ear warmer,' not '180s.'

## DEFENDANTS' ENFORCEMENT AND PLAINTIFF'S DAMAGES

49.    Plaintiff lawfully sells ear warmer products utilizing the functional, generic behind-the-head configuration common to this product category.

50.    Plaintiff's products were available for sale on Amazon.com under ASINs B01B4GI1TU, B01M000DHS, B01MAXQFKA, B01MTL482V, B018CD5IJO, B018CD5JES, B018CD5JUM, B08HMVTJQS, B0BJK8ZS84, B0BJJQ2PQ5, B0BJJRNR35, B0BMLM2PLY, B0BMLMCLKX, B0BMLNC1MH,    B0DC5ZC5FD,    B0DC61BMWZ,    B0DC61SSRZ,    B0DC62422G, B0DCBBKK73,    B0DCBBYGKH,    B0DCBCB71X,    B0DCBDGNDQ,    B0DCBDP6CZ, B0DCBDS3DX, and B0DCBMXS98.

51.    Defendant 180s USA, LLC filed trademark infringement complaints with Amazon against Plaintiff based on the invalid Registration.

52.    As a direct result of these complaints, Amazon removed Plaintiff's ear warmer products from its marketplace and initiated "authenticity reviews" of Plaintiff's FBA inventory. On January 3, 2026, Amazon notified Plaintiff that 573 units across 7 ASINs would be destroyed by February

2, 2026 unless Plaintiff proved authenticity. On January 9, 2026, Amazon issued a similar notice for 29,384 units across 12 additional ASINs, with a destruction deadline of February 8, 2026. In total, Amazon has threatened to destroy approximately 30,000 units of Plaintiff's inventory.

53.     Defendants knew or should have known, through reasonable due diligence upon acquiring the Registration and related patents, that any enforcement claims were baseless given: (1) the functional nature of the configuration proven by the utility patents they acquired; (2) the circumstances surrounding the procurement of the Registration; (3) the prior TTAB cancellation proceedings alleging fraud and functionality; and (4) the widespread use of the configuration by competitors following patent expiration.

54.     Plaintiff has suffered and continues to suffer substantial damages including: (a) lost sales revenue; (b) inventory carrying costs for products that cannot be sold; (c) loss of Amazon seller metrics and account standing; (d) customer relationship damage and lost goodwill; and (e) legal and administrative costs. If Amazon proceeds with the threatened destruction, Plaintiff will suffer additional irreparable harm in the form of total loss of inventory, inability to fulfill customer orders, and permanent damage to Plaintiff's Amazon seller account.

## <u>COUNT I</u>

### DECLARATORY JUDGMENT OF INVALIDITY - FUNCTIONALITY

55.     Plaintiff incorporates by reference the preceding paragraphs.

56.     The Registration is invalid because the behind-the-head ear warmer configuration is functional.

57.     Under 15 U.S.C. § 1115(b)(8), functionality is an absolute defense that survives incontestability.

58.    The utility patents owned by Defendants, particularly Patent No. 6,920,645 B2, constitute strong evidence of functionality under TrafFix Devices, Inc. v. Marketing Displays, Inc., 532 U.S. 23 (2001).

59.    Pursuant to 28 U.S.C. §§ 2201-2202, Plaintiff requests a declaration that the Registration is invalid due to functionality.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY - FRAUD

60.    Plaintiff incorporates by reference the preceding paragraphs.

61.    The Registration was procured through fraud on the USPTO and is void ab initio.

62.    Under 15 U.S.C. § 1115(b)(1), fraud in procurement survives incontestability.

63.    When specifically asked to identify patents covering the ear warmer design, 180s, Inc. falsely claimed to be "in the process of gathering" such information when it was assignee of at least eight (8) issued utility patents and eight (8) pending patent applications.

64.    This false representation was made with intent to deceive the USPTO and to avoid the functionality rejection that would have resulted from disclosure.

65.    Pursuant to 28 U.S.C. §§ 2201-2202, Plaintiff requests a declaration that the Registration is invalid due to fraud.

## COUNT III

### DECLARATORY JUDGMENT OF INVALIDITY - GENERICNESS

66.    Plaintiff incorporates by reference the preceding paragraphs.

67.    The behind-the-head ear warmer configuration is generic and cannot function as a trademark.

68.     Under 15 U.S.C. § 1064(3), genericness is a ground for cancellation that survives incontestability.

69.     The configuration is used by numerous competitors including Gelante, HIG, Motique, Cole Haan, Joseph Abboud, UGG, REDESS, and many others, demonstrating it is the generic form of the product category.

70.     Consumers do not associate the behind-the-head configuration with any single source; the shape signifies 'ear warmer,' not any particular brand.

71.     Pursuant to 28 U.S.C. §§ 2201-2202, Plaintiff requests a declaration that the Registration is invalid due to genericness.

## COUNT IV

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

72.     Plaintiff incorporates by reference the preceding paragraphs.

73.     Since the Registration is invalid due to functionality, fraud, and genericness, Plaintiff cannot infringe any valid trademark rights.

74.     Alternatively, Plaintiff's use of the functional, generic configuration is lawful competition.

75.     Pursuant to 28 U.S.C. §§ 2201-2202, Plaintiff requests a declaration of non-infringement.

## COUNT V

### CANCELLATION OF REGISTRATION UNDER 15 U.S.C. § 1119

76.     Plaintiff incorporates by reference the preceding paragraphs.

77.     Under 15 U.S.C. § 1119, this Court has the power to determine the right to registration and may order cancellation of registrations.

78.     The Registration should be cancelled based on functionality, fraud in its procurement, and genericness—all grounds that survive incontestability.

79.    Plaintiff requests this Court order cancellation of Registration No. 3,089,225.

## COUNT VI

## TORTIOUS INTERFERENCE WITH CONTRACT

80.    Plaintiff incorporates by reference the preceding paragraphs.

81.    Plaintiff had a valid contractual relationship with Amazon through the Amazon Services Business Solutions Agreement.

82.    Defendant 180s USA, LLC knew of this relationship when filing its trademark complaints.

83.    Upon information and belief, Defendants knew or should have known that the Registration was invalid due to functionality, fraud, and genericness.

84.    Defendant 180s USA, LLC intentionally induced Amazon to remove Plaintiff's listings by filing complaints based on an invalid registration.

85.    Plaintiff has suffered damages from this interference.

## COUNT VII

## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

86.    Plaintiff incorporates by reference the preceding paragraphs.

87.    Plaintiff had reasonable expectation of continuing business relationships with Amazon and consumers.

88.    Defendants knew of these business expectations.

89.    Upon information and belief, Defendants knew or should have known that the Registration was invalid when undertaking enforcement actions against Plaintiff.

90.    Defendant 180s USA, LLC purposefully interfered with Plaintiff's prospective business relations through enforcement of an invalid registration.

91.    Plaintiff has suffered substantial damages from lost business opportunities.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment as follows:

a. A declaration that U.S. Trademark Registration No. 3,089,225 is invalid due to functionality;

b. A declaration that U.S. Trademark Registration No. 3,089,225 is invalid due to fraud in its procurement;

c. A declaration that U.S. Trademark Registration No. 3,089,225 is invalid due to genericness;

d. A declaration that Plaintiff's ear warmer products do not infringe any valid trademark rights of Defendants;

e. An order cancelling Registration No. 3,089,225;

f. A judgment that Defendants have tortiously interfered with Plaintiff's contractual and business relations;

g. An award of monetary damages;

h. An award of costs and attorneys' fees under 15 U.S.C. § 1117;

i. Injunctive relief prohibiting Defendants from asserting the invalid Registration against Plaintiff; and

j. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated: January 26, 2026

Respectfully submitted,


/s/ Shan Zhu
Shan Zhu
3808 Union Street Suite 9A-107
Flushing, New York 11354
Phone: 347-470-7008
Email: szhu@szhulaw.com

*Attorneys for Plaintiff*