UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:   76/628202

**APPLICANT**:   180s, Inc.

**CORRESPONDENT ADDRESS**:
    MARK HARRISON
    VENABLE
    P.O. BOX 34385
    WASHINGTON, D.C. 20043-9998

**MARK**:

**CORRESPONDENT'S REFERENCE/DOCKET NO** : 37401-212344

**CORRESPONDENT EMAIL ADDRESS**:

*76628202*

**RETURN ADDRESS**:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT**: THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number  76/628202

The assigned examining attorney has reviewed the referenced application and determined the following.

STATUTORY REFUSAL(S)

1]  Registration is refused because the proposed mark comprises a configuration of the goods that is not inherently distinctive and would not be perceived as a mark.  Trademark Act Sections 1, 2 and 45, 15 U.S.C. §§1051, 1052 and 1127.  The United States Supreme Court has held that a configuration of a product can never be inherently distinctive, and is registrable on the Principal Register only with a showing of acquired distinctiveness.  *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.,* 529 U.S. 205, 54 USPQ2d 1065 (2000).  *See also Textron, Inc. v. U.S. International Trade Commission*, 753 F.2d 1019, 224 USPQ 625 (Fed. Cir. 1985); *In re Craigmyle*, 224 USPQ 791 (TTAB 1984); TMEP §1202.02(b)(i).

Applicant must present evidence that the proposed mark has acquired distinctiveness by submitting examples of advertising and promotional materials that specifically promote the proposed mark *as a trademark*, dollar figures for advertising devoted to such promotion, dealer and consumer statements of recognition of the proposed mark as a trademark and any other evidence that establishes recognition of the matter as a mark for the goods.  The evidence must relate to the promotion and recognition of the specific configuration embodied in the proposed mark and not to the goods in general. *Wal-Mart,* 529 U.S. at 211, 54 USPQ2d at 1068; *See* TMEP §§1212.06 *et seq*. regarding evidence of acquired distinctiveness.

In the alternative to submitting evidence of acquired distinctiveness, applicant may amend to the Supplemental Register.

  "[A] mark is inherently distinctive if [its] intrinsic nature serves to identify a particular source."   *Wal-Mart Stores, Inc. v. Samara Brothers, Inc*., 529 U.S. 205, 210, 54 USPQ2d 1065, 1068 (2000), citing *Two Pesos, Inc. v. Taco Cabana, Inc*., 505 U.S. 763, 768, 23 USPQ2d 1081 (1992); TMEP 1202.02(b)(ii).

  The burden of proving that a mark has acquired distinctiveness is on applicant.  *See Yamaha Int'l Corp. v. Hoshino Gakki Co. Ltd.* , 840 F.2d 1572, 1578-79, 6 USPQ2d 1001, 1006 (Fed. Cir. 1988); *In re Meyer & Wenthe, Inc*., 267 F.2d 945, 122 USPQ 372 (C.C.P.A. 1959).

Applicant may present any competent evidence to establish that a mark has acquired distinctiveness.  The amount and character of evidence required to establish acquired distinctiveness depends on the facts of each case and particularly on the nature of the mark sought to be registered.

*See Roux Laboratories, Inc. v. Clairol Inc.*, 427 F.2d 823, 166 USPQ 34 (C.C.P.A. 1970); *In re Hehr Mfg. Co.*, 279 F.2d 526, 126 USPQ 381 (C.C.P.A. 1960); *In re Gammon Reel, Inc.*, 227 USPQ 729 (TTAB 1985).

   Additional evidence is needed to support the claim of distinctiveness.  Applicant's allegation of five years' use alone is insufficient evidence of distinctiveness in this case because applicant's mark is highly descriptive of the goods and/or services.   TMEP §1212.05(a).  *In re Kalmbach Publishing Co.***,** 14 USPQ2d 1490 (TTAB 1989).

Applicant must establish acquired distinctiveness by a preponderance of the evidence.  *Yamaha Int'l Corp. v. Hoshino Gakki Co.* , 840 F.2d 1572, 6 USPQ2d 1001 (Fed. Cir. 1988).  This evidence may include specific dollar sales under the mark, advertising figures, samples of advertising, consumer or dealer statements of recognition of the mark, and any other evidence that establishes the distinctiveness of the mark as an indicator of source.  The Office will decide each case on its own merits.

If additional evidence is submitted, the following factors will be considered when assessing its sufficiency:  (1) how long applicant has used the mark; (2) the type and amount of advertising of the mark; and (3) applicant's efforts to associate the mark with the goods and/or services.  *See Ralston Purina Co. v. Thomas J. Lipton, Inc.*, 341 F. Supp. 129, 173 USPQ 820 (S.D.N.Y. 1972); *In re Packaging Specialists, Inc.,* 221 USPQ 917 (TTAB 1984); 37 C.F.R. §2.41; TMEP §§1212, 1212.01 and 1212.06 *et seq*.

The applicant should also note the following additional ground for refusal.

2]  Registration is refused because the proposed three-dimensional configuration mark appears to be functional for the identified goods.   Trademark Act Section 2(e)(5), 15 U.S.C. §1052(e)(5).  That is, the proposed mark comprises the configuration of a design feature of the identified goods that serves a utilitarian purpose.  *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 58 USPQ2d 1001 (2001); *Valu Engineering, Inc. v. Rexnord Corp*., 61 USPQ2d 1422 (Fed. Cir. 2002); *In re Bose Corp.*, 772 F.2d 866, 227 USPQ 1 (Fed. Cir. 1985); *In re R.M. Smith, Inc.*, 734 F.2d 1482, 222 USPQ 1 (Fed. Cir. 1984); TMEP §§1202.02(a) *et seq*.

The proposed mark is a design of goods depicting and demonstrating the utilitarian features of headwear and ear warmers worn on the head, and the goods are headwear and ear warmers.  The particular features of this proposed mark, namely, the curved design, shape, and flexible nature are functional for the goods because the goods here, headwear and ear warmers, are specifically and necessarily worn "behind the head" (see specimen of use), on the two ears, and placed directly around the head and on the two ears.

   Evidence in functionality cases normally involves consideration of the following four factors, commonly known as the " *Morton-Norwich* factors," in reference to the Federal Circuit decision in which they were first articulated:

   (1)  the existence of a utility patent that discloses the utilitarian advantages of the design sought to be registered;

   (2)  advertising by the applicant that touts the utilitarian advantages of the design;

   (3)  facts pertaining to the availability of alternative designs; and

   (4)  facts pertaining to whether the design results from a comparatively simple or inexpensive method of manufacture.

*In re Morton‑Norwich Products, Inc¢.*671 F.2d 1332, 213 USPQ 9, 15-16 (C.C.P.A. 1982).

 Applicant must provide the following information and documentation in order to permit proper examination of the application.  37 C.F.R. §2.61(b):

   (1)  A written statement as to whether the proposed mark is or has been *the subject of either a design or utility patent*, including existing and/or expired patents.  Applicant must also state whether the proposed mark is or has been the subject of a patent application for either a design or utility patent, including both pending and abandoned patent applications.  For any of the above for which a positive response is provided, the applicant must provide copies of the patent(s) or pending or abandoned patent application(s).

   (2)  Any available *advertising, promotional and/or explanatory materials concerning the configuration* for which registration is sought, particularly any materials specifically related to the design feature(s) embodied in the proposed mark.

   (3)  A written explanation and any relevant evidence as to *whether alternative designs are available for the feature(s) embodied in the proposed mark*, as well as whether the alternative designs are equally efficient and/or competitive.  Applicant must also include a written explanation and any available information concerning designs used by competitors.

   (4)  A written statement as to whether the product design or product packaging design at issue results from *a comparatively simple or*

*inexpensive method of manufacture in relation to alternative designs* for the product/container.  If applicant has any relevant information regarding the method and/or cost of manufacture, that information must also be provided.

Applicant may also furnish any *other* evidence that applicant considers relevant to the registrability of the proposed configuration mark.

With regard to the above requested information, it is noted that the Board and courts have recognized that relevant technical information is usually more readily available to an applicant, and that the applicant will thus normally be the source of most of the evidence pertaining to the functionality issue.  *In re Teledyne Industries Inc.,* 696 F.2d 968, 971, 217 USPQ 9, 11 (Fed. Cir. 1982); *In re Witco Corp.,* 14 USPQ2d 1557, 1560 (TTAB 1989); *In re Babies Beat Inc.,* 13 USPQ2d 1729, 1731 (TTAB 1990) (registration properly refused where applicant failed to comply with trademark examining attorney's request for copies of patent applications and other patent information);  *See* TMEP §§1202.02(a)(v) *et seq*.

 The functionality determination is a question of fact, and depends on the totality of the evidence presented in each particular case.  *Valu Engineering, Inc. v. Rexnord Corp.*, 61 USPQ2d 1422 (Fed. Cir. 2002); *In re Caterpillar Inc.*, 43 USPQ2d 1335, 1339 (TTAB 1997).

 In an application for trade dress, distinctiveness and functionality are two separate issues.  TMEP §1202.02(c).

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

SEARCH RESULTS

The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d).  TMEP §704.02.

AUTHORITIES AND RESPONSE INSTRUCTIONS

In all correspondence to the Patent and Trademark Office, the applicant should list the name and law office of the examining attorney, the serial number of this application, the mailing date of this Office action, and the applicant's telephone number.

**NOTICE:  FEE CHANGE**

Effective January 31, 2005 and pursuant to the Consolidated Appropriations Act, 2005, Pub. L. 108-447, the following are the fees that will be charged for filing a trademark application:

> (1) $325 per international class if filed electronically using the Trademark Electronic Application System (TEAS); or
>
> (2)  $375 per international class if filed on paper

These fees will be charged not only when a new application is filed, but also when payments are made to add classes to an existing application. If such payments are submitted with a TEAS response, the fee will be  $325 per class, and if such payments are made with a paper response, the fee will be $375 per class.

The new fee requirements will apply to any fees filed on or after January 31, 2005.

**NOTICE:  TRADEMARK OPERATION RELOCATION**

The Trademark Operation has relocated to Alexandria, Virginia.  Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

> **Commissioner for Trademarks**
> **P.O. Box 1451**
> **Alexandria, VA  22313-1451**

Applicants, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at http://www.uspto.gov/teas/index.html.

/JMBK/

                                  Jennifer M.B. Krisp
                                  Attorney, Law Office 112
                                  571-272-9183 [leave message]

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE:  You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action issued via email you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE:  To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.


**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded onli
http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at
http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**