**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SUNNY POWER TRADING HONG KONG LIMITED,

Plaintiff-Counterclaim Defendant,

vs.

180s USA, LLC, and
180s IP Holdings, LLC,

Defendants-Counterclaim Plaintiffs.

Case No.: 1:26-cv-00672-ER

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

Upon the application of the parties, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

Categories

1. Disclosure Material. The parties will make disclosure of documents, objects and information, including electronically stored information ("ESI"), pursuant to the Federal Rules of Civil Procedure and the parties' obligations in civil discovery, all of which will be referred to herein as "Disclosure Material." Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would risk prejudicial pretrial publicity if publicly disseminated; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the prosecution or defense of this civil action.

2. Confidential Material. Any party may designate as "CONFIDENTIAL" any Disclosure Material that it believes in good faith contains confidential research, development, commercial, or proprietary business information. Material designated as "CONFIDENTIAL" may be disclosed to outside counsel of record, independent experts, and the parties' designated corporate representatives (e.g., Yanfei Pang for Sunny Power) solely for purposes of this litigation.

3. Attorney's Eyes Only ("AEO") Material. Certain materials in this case raise a significant risk of affecting highly sensitive proprietary business interests, trade secrets, confidential supply chain networks, factory/manufacturer identities, or proprietary financial Amazon Seller Central data. Disclosure Material produced by a party that is either (1) designated in whole or in part as "Attorney's Eyes Only" or "Highly Confidential - AEO" by the producing party in communications to opposing counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material."

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

Disclosure and Treatment

4. Disclosure Material shall not be disclosed by the parties or their counsel other than as set forth herein, and shall be used by the parties solely for purposes of prosecuting or defending this action. The parties shall not post any Disclosure Material on any Internet site, network site, or social media platform, and shall not disclose any Disclosure Material to the media.

5. AEO Material received by counsel shall be maintained on an attorney's eyes only basis. Counsel shall not share any AEO Material, or the substance and content of such AEO Material, with any other persons, including the individual litigants, corporate officers, directors, or employees of the parties, except for outside counsel of record and any personnel for whose conduct counsel is responsible.

Other Provisions

6. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Civ. P. 5.2, Judge Edgardo Ramos's Individual Practices, and the provisions herein regarding redacted or under-seal filings.

7. The producing party's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the moving party may seek de-designation by the Court.

8. The parties shall provide a copy of this Order to prospective witnesses and independent experts retained by counsel to whom Disclosure Material is disclosed. All such persons shall be subject to the terms of this Order and shall execute an Acknowledgment of Confidentiality form. Counsel shall maintain a record of what information has been disclosed to which such persons.

9. Except for Disclosure Material that has been made part of the record of this case, the receiving party shall return to the producing party or securely destroy all Disclosure Material, including any ESI, within 30 days of the final termination of this action, subject to counsel's obligation to retain client files under the applicable Rules of Professional Conduct.

10. This Order places no restriction on a party's use or disclosure of ESI or other Disclosure Material that originally belonged to that party.

Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this civil litigation and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

By: /s/ Shan Zhu
Shan Zhu
Counsel for Plaintiff
Sunny Power Trading Hong Kong Limited

By: /s/ Michael M. Steinmetz
Michael M. Steinmetz, Esq.
Counsel for Defendants
180s USA, LLC and 180s IP Holdings, LLC

SO ORDERED:

Dated: New York, New York
July 9, 2026

_______________________________

THE HONORABLE EDGARDO RAMOS

UNITED STATES DISTRICT JUDGE